UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

WINERY DISPOSITION GROUP, LLC,                                   No. 08-11466

                Debtor(s).
_____/

Memorandum on Motion to Enforce Settlement
_____

      Creditor Robert Wyndelts objected to the debtor's first amended plan in this Chapter 11 case. At the final confirmation hearing, the parties reached a settlement which was placed on the record. Counsel for the debtor then filed a second amended plan supposedly containing the terms of the settlement but also containing a term not agreed to by Wyndelts. The court did not confirm the second amended plan because of Wyndelts' objection. He has now moved the court for an order confirming the second amended plan after extracting the offending language.

      It is clear that the court should not confirm a plan containing language not agreeable to Wyndelts, and he may be entitled to other relief. However, there is no basis in the law for the court to re-write a Chapter 11 plan. The requirements for confirmation are set forth in § 1129(a) of the Bankruptcy Code, and that section requires the court to confirm the plan if all of the requirements are met. The second amended plan is materially different from the first amended plan which was noticed to all creditors along with statutory disclosure. If, after further disclosure, the court finds that the second amended plan meets all the requirements of § 1129(a), it must confirm the plan. If not, it cannot confirm it. There is no provision in the Bankruptcy

Code for the court to create a third amended plan on its own, let alone confirm it without notice. Nor is there any way a plan proponent can be forced to prosecute a plan it no longer wishes to have confirmed.

For the foregoing reasons, the court will not approve the second amended plan and will vacate its approval of the first amended plan (announced in court when it appeared there was a settlement) but the prayer for unilateral modification of the second amended plan will be denied, without prejudice to any other relief to which Wyndelts may be entitled. Counsel for the debtors shall submit an appropriate form of order which counsel for Wyndelts has approved as to form.

Dated: January 10, 2009

Alan Jaroslovsky
U.S. Bankruptcy Judge